Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>JUAN BAUTISTA COLLAZO CHEVEREZ<br><br>Peticionario | TA2026CE00490 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Casos número:<br>C IC2025G0004<br>C LA2025G0182<br><br>Sobre:<br>Art. 109 A Código Penal<br>Art. 6.06 Ley de Armas |

Panel integrado por su presidenta la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de junio de 2026.

Examinado el *Certiorari Criminal* presentado por el peticionario, Juan Bautista Collazo Cheverez el 20 de abril de 2026, y luego de haber evaluado detenidamente la regrabación de la vista preliminar presentada por el peticionario, resolvemos que procede abstenernos de ejercer nuestra función revisora, por lo que denegamos la expedición del auto de *certiorari*. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.[1]

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Salgado Schwarz disiente por escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>V.<br><br>JUAN BAUTISTA COLLAZO CHÉVERE<br><br>Parte Recurrente | TA2026CE00490 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C IC2025G0004<br>C LA2025G0182<br><br>SOBRE:<br>ART. 109 A CÓDIGO PENAL<br>ART. 6.06 LEY DE ARMAS |

Panel integrado por su presidenta la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

## OPINIÓN DISIDENTE DEL JUEZ CARLOS G. SALGADO SCHWARZ

En San Juan, Puerto Rico, a 18 de junio de 2026

Por las razones que expresaré a continuación, vehementemente, disiento.

-I-

En el caso de epígrafe, el foro de instancia celebró una Vista Preliminar y determinó causa probable para acusar al Sr. Collazo Cheverez por violación al Art. 6.06[1] (Portación y Uso de Armas Blancas) de la Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, conocida como *Ley de Armas de Puerto Rico de 2020*. Además, se le acusó de violación al Art. 109A[2] (Agresión grave atenuada) del Código Penal de Puerto Rico[3]. Según surge de la Acusación, el 13 de agosto de 2025 el Recurrente le ocasionó una lesión mutilante a su hermano, el señor

---

[1] 25 LPRA § 466e.
[2] 33 LPRA § 5162.
[3] Véase Anejos del recurso de *certiorari*, documento titulado Acusaciones.

Alfredo Collazo Santos ("Sr. Collazo Santos"). Según se alega en dicho documento, el Recurrente agredió a su hermano con una pala de metal y, como resultado, le ocasionó una herida abierta en la cabeza y en el antebrazo derecho que requirieron puntos de sutura[4]. Cabe señalar que, según surge de la regrabación de la Vista Preliminar, el Sr. Collazo Santos admitió que la narración que hizo de los hechos fue porque se lo contaron terceras personas y no porque recuerde lo ocurrido.

-II-

### A. *Certiorari*

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[5]

La Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[4] *Íd.*

[5] *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009).

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[6]

Por tanto, la discreción judicial *"no se da en un vacío ni en ausencia de unos parámetros"*, sino que el tribunal revisor debe ceñirse a los criterios antes transcritos.[7]

## B. Vista Preliminar

Toda persona imputada de un delito grave tiene derecho a que se celebre una vista preliminar[8]. El propósito de la vista preliminar es evitar que un ciudadano se someta arbitraria e injustificadamente a los rigores de un juicio en su fondo[9]. Por otro lado, la vista preliminar no constituye un "mini juicio", ni tiene el propósito de establecer la culpabilidad del imputado más allá de duda razonable[10]. Su objetivo es instituir un paso previo a la acusación, en el cual el Ministerio Público tiene la obligación de demostrar que existe causa probable para procesar a un imputado por la comisión de un delito grave[11]. Esto es, que se presente prueba que permita a un tribunal emitir una determinación de que existe causa probable en cuanto a dos aspectos, a saber: 1). que el delito grave se cometió; 2). que la persona imputada lo cometió[12].



---

[6] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025).
[7] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[8] Véase Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23; además, véase *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 623 (2021).
[9] *Pueblo v. Pérez Delgado*, 211 DPR 654, 664 (2023).
[10] *Pueblo v. Guadalupe Rivera, supra*, pág. 623.
[11] *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661 (1997).
[12] *Pueblo v. Guadalupe Rivera, supra*, págs. 623-624.

El Ministerio Público puede acusar por un delito grave sólo en los casos en que el foro primario determina que hay causa en esta etapa. No obstante, *"una vista preliminar no se limita necesariamente a la determinación de causa o no causa probable por el delito imputado en la denuncia"*[13]. Como resultado, la vista preliminar puede culminar de tres maneras, a saber: 1). la determinación de causa probable para acusar por el delito por el cual se determinó causa probable para arresto; 2). la determinación de que no existe causa probable para acusar por ningún delito; o 3). la determinación de causa probable para acusar por un delito distinto o menor al que el Fiscal entiende procedente[14].

## B. Delito con arma blanca



La Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, conocida como la *Ley de Armas de Puerto Rico de 2020*[15], tiene el propósito de responder al interés apremiante del Estado en proveer seguridad a sus ciudadanos y luchar contra el crimen. En lo pertinente a la controversia ante nos, el Artículo 6.06 establece que comete delito grave:

> Toda persona que sin motivo justificado use contra otra persona, o la muestre, o use en la comisión de un delito o su tentativa, manoplas, blackjacks, cachiporras, estrellas de ninja, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón, martillos, bates, cuartón, escudo, hojas de navajas de afeitar de seguridad, garrotes, agujas hipodérmicas, jeringuillas con agujas o cualquier instrumento similar que se considere como un arma blanca [...].

---

[13] *Pueblo v. Guadalupe Rivera, supra*, pág. 624.
[14] *Íd.*
[15] 25 LPRA § 461.

## C. Agresión y Agresión Grave

El Artículo 108 del Código Penal del 2012[16] establece que el delito de agresión lo comete toda persona que ilegalmente por cualquier medio o forma cause a otra una lesión a su integridad corporal, incurriendo en delito menos grave.

La agresión grave está tipificada en el Art. 109 del Código Penal del 2012[17], y lee como sigue:

> Si la agresión descrita en el Artículo 108 ocasiona una lesión que requiera hospitalización, o tratamiento prolongado, excluyendo las lesiones mutilantes, será sancionada con pena de reclusión por un término fijo de ocho (8) años.
>
> Esta modalidad incluye, aquellas en las cuales se transmite una enfermedad, siendo este hecho conocido por el autor.
>
> Si la agresión ocasiona una lesión mutilante, será sancionada con pena de reclusión por un término fijo de quince (15) años.
>
> Se entenderá como lesión mutilante, el ocasionar un daño permanente en cualquier parte del cuerpo a una persona, desfigurar el rostro o inutilizar permanentemente su capacidad para oír, ver o habar.

-III-

La mayoría del panel concluyó no expedir el recurso de *certiorari*, sin embargo, no concurro con dicha determinación. El Sr. Collazo Santos admitió que no recuerda los hechos y que su narración fue por lo que le contaron terceras personas. Si bien es cierto que el Sr. Collazo Santos reconoció que vio la pala porque es una herramienta que utiliza a menudo en su propiedad, ese hecho no es suficiente para imputarle la comisión de un delito al aquí Recurrente.

---

[16] 33 LPRA § 5161.
[17] 33 LPRA § 5162.

La Ley de Armas de Puerto Rico, *supra*, en su artículo 6.06 es clara al expresar que constituye delito el que una persona "*sin motivo justificado **use** contra otra persona* [...]"[18] cualquiera de los artefactos que menciona la legislación. Es decir, el delito no se configura por el hecho de poseer un arma blanca, sino que es necesario el uso de dicho objeto. Según el testimonio del Sr. Collazo Santos, el uso de dicha pala por su hermano fue luego de comenzado el altercado, hechos sobre los cuales admitió no tener conocimiento personal. Por lo tanto, basado en los testimonios que se presentaron en la Vista Preliminar, ninguno de los testigos del Ministerio Público tiene propio y personal conocimiento de que el Recurrente haya utilizado la pala para propiciarle golpes al Sr. Collazo Santos.

En una situación como la que nos ocupa, soy del criterio que corresponde la expedición del auto de *certiorari* a fin de revocar la determinación del foro de instancia respecto al delito de ley de armas. Lo anterior, debido a que no se dieron los elementos necesarios para determinar causa probable contra el Recurrente por violación al Art. 6.06 de la Ley de Armas, *supra*.

-IV-

Por los fundamentos anteriormente esbozados, muy respetuosamente, **DISIENTO**.

Carlos G. Salgado Schwarz
Juez de Apelaciones

---

[18] Art. 6.06 de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019 (25 LPRA § 466e).